Lonnie D. Giamela (SBN 228435)
E-Mail: lgiamela@fisherphillips.com
Ariella Onyeama (SBN 259839)
E-Mail: aonyeama@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
TINKRWORKS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

GARY SURDAM, an individual,

Plaintiff,

v.

TINKRWORKS, LLC a business entity, form unknown; and DOES 1 through 100, inclusive,

Defendants.

CASE NO.:

[*Removed from San Bernardino Superior Court Case No: CIVSB2128793*]

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

*[Filed concurrently with Civil Cover Sheet, Certificate of Interested Parties, Corporate Disclosure Statement, Notice of Related Cases; and Declarations of Ariella Onyeama and Jim Boyle]*

Complaint Filed: October 7, 2021
Trial Date: Not Set.

TO PLAINTIFF, HIS COUNSEL OF RECORD AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, Defendant TINKRWORKS, INC. ("Defendant") by and through their counsel of record Fisher & Phillips LLP, respectfully removes this action filed by Plaintiff Gary Surdam ("Plaintiff") from the Superior Court of the State of California, County of San Bernardino (hereinafter, "State Court"), Case No. CIVSB2128793, to the United States District Court for the Central District of California. This removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b) and is timely under 28 U.S.C. § 1446. The basis for removal is complete diversity of citizenship, as is more fully set forth below.

## I. THE STATE COURT ACTION

1. On or about October 7, 2021, Plaintiff filed an unverified Complaint ("Complaint") in State Court, thereby initiating the civil action entitled, "GARY SURDAM v. TINKRWORKS, LLC, a business entity, form unknown; and DOES 1 through 100, inclusive" designated as Case No. CIVSB2128793 ("State Court Action"). A true and correct copy of the Complaint from the State Court Action is attached as **Exhibit 1** to the Declaration of Ariella Onyeama ("Onyeama Decl.").

2. In his Complaint, Plaintiff alleges two causes of action against Defendant: (1) Discrimination in Violation of FEHA, California Government Code §§ 12900 et seq. (age, gender, ethnicity); and (2) Violation of Public Policy. Onyeama Decl. at ¶ 2, **Ex. 1**. Plaintiff seeks general damages (including emotional distress damages), special and compensatory damages, punitive damages, attorneys' fees and other relief. *Id.* at ¶ 2, **Ex. 1**, at p. 7.)

3. The Complaint was served on Defendant on December 9, 2021. (Onyeama Decl. at ¶ 3.)

4. Defendants "DOES 1 through 100, inclusive" have not been identified

and there is no record that any Doe defendants have been served with the Summons or the Complaint in the State Court Action.

5. On January 7, 2022, Defendant filed and served its answer in state court. Onyeama Decl., at ¶ 4, **Ex. 2**.

## II. REMOVAL IS TIMELY

6. This removal is timely filed as required by 28 U.S.C. section 1446(b) because it has been filed within 30 days of the date of first service of the Summons and Complaint in the State Court Action on Defendant, which was December 9, 2021, and within one year of the date the State Court Action was filed. Onyeama Decl. at ¶ 5.

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332(a)(1). As set forth below, 28 U.S.C. section 1332(a) grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. This case meets all the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

8. Diversity of citizenship exists in this matter because Defendant is incorporated in Delaware, Defendant maintains its principal place of business in the State of Illinois (Declaration of Jim Boyle ("Boyle Decl.") at ¶¶ 3-4), and Plaintiff is a California resident. Onyeama Decl. at ¶ 2, **Ex. 1**. Such diversity of citizenship has existed at all times since the filing of the Complaint. Onyeama Decl. at ¶ 2, **Ex. 1**; Boyle Decl. at ¶¶ 3-4.

### A. ***<u>Plaintiff's Citizenship</u>***

9. Based on the allegations in Plaintiff's Complaint, Plaintiff is now, and has at all times since the filing of the Complaint, been a citizen of the State of California. Onyeama Decl. at ¶ 2, **Ex. 1**. The presumption of continuing domicile

provides a legal presumption that Plaintiff is still a resident and citizen of the State of California. *See Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 885 (9th Cir. 2013). For removal purposes, citizenship is measured both when the action is filed and removed. *Strotek Corp. v. Transport Ass'n of America,* 300 F.3d 1129, 1131 (9th Cir. 2002). For diversity purposes, a person is a citizen of the state where he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile and citizenship. *Mondragon*, 736 F.3d at 886 (citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F. 3d 564, 571 (5th Cir. 2011)). The Complaint states that Plaintiff "has been a resident of the County of San Bernardino, State of California at all relevant times." Onyeama Decl. at ¶ 2, **Ex. 1**. Plaintiff therefore is, and at all times since the commencement of this action has been, a resident and citizen of California.

**B. *Defendant's Citizenship***

10. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See Hertz Corp. v. Friend,* 559 U.S. 77 (2010) (determining that a corporation's principal place of business, or "nerve center," will typically be where its headquarters is located). Defendant is currently, and has continuously been, incorporated in a state other than California since the time of the filing of Plaintiff's Complaint in state court. *See* Boyle Decl. at ¶¶ 3-4. Defendant does not have a "nerve center" in California. *See Id.* at ¶ 5. Defendant's principal place of business is currently, and has continuously been, in Illinois since the filing of Plaintiff's Complaint. *Id.* at ¶¶ 3-4.

11. On November 18, 2015, Defendant was formed as an Illinois LLC with its principal place of business located in Illinois. Defendant converted to a Delaware C-Corp in June 2021, after which it continued to maintain its principal place of business in Illinois. Boyle Decl. at ¶ 3.

12. Defendant's executive and operational headquarters are located in

Illinois and Illinois is where Defendant's core executive and administrative functions are carried out. *Id.* at ¶ 4.

13. The sole named Defendant named in the Complaint is a citizen of a state outside of California. *Id.* at ¶¶ 3-5.

14. Doe defendants 1 through 100, inclusive, are not identified, have not been served and are not considered for purposes of diversity jurisdiction. Pursuant to 28 U.S.C. section 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998); *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (providing unnamed defendants are not required to join in a removal petition). The exclusion of defendants DOES 1 through 100, inclusive, from this petition does not deprive this Court of jurisdiction.

15. Plaintiff is a citizen of California, while Defendant is a citizen of Delaware and Illinois. The parties are citizens of different states for purposes of diversity jurisdiction.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS

16. Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

17. The amount in controversy can be determined from the complaint or from other sources, including statements made in the notice of removal. *See Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (reiterating "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002) (considering

settlement demand letter for purposes of determining amount in controversy).

18. In assessing the amount in controversy for diversity jurisdiction purposes, "a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Roth v. Comerica Bank,* 799 F. Supp. 2d 1107, 1117 (C.D. Cal 2010) *(internal citations omitted*). The amount in controversy includes any possible award of attorneys' fees. *Lowdermilk v. U.S. Bank Nat'l Ass'n.,* 479 F.3d 994, 1000 (9th Cir. 2007) (*internal citations omitted*). A court may also consider the aggregate value of claims for compensatory and punitive damages. *See e.g., Bell v. Preferred Life Society* (1943) 320 U.S. 238, 240 (stating "[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Romo v. FFG Ins. Co.,* 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (reasoning that "[i]n an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement"). The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

19. The removing defendant can meet its burden of establishing that the amount in controversy exceeds $75,000 by showing that the "facially apparent" allegations in the complaint demonstrate the amount in controversy. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999); *see also White v. FCI USA, Inc.,* 319 F.3d 672, 675-676 (5th Cir. 2003) (where "facially apparent" in a wrongful termination case was met by showing a lengthy list of compensatory and punitive damages.) Here, the facially apparent allegations of Plaintiff's Complaint evidence an amount in controversy exceeding $75,000.

20. Plaintiff alleges he expended approximately $90,000 in finder's fees to create a sales team that he transferred to Defendant after commencing his employment with Defendant. Onyeama Decl. at ¶ 2, **Ex. 1**, at ¶ 10. Plaintiff further

alleges his salary at the time of his termination was $145,000 per year and he received benefits including full medical (PPO), dental, vision and life insurance, a matching 401(k) plan, disability insurance and paid sick leave. *Id.* at ¶ 2, **Ex. 1**, at ¶ 13. Plaintiff alleges he has been denied this compensation and benefits as a result of his termination from Defendant's employment and has not found comparable employable work since. *Id.* at ¶ 2, **Ex. 1**, at ¶¶ 14-15.

21.   In his Prayer for Relief, Plaintiff requests general damages for humiliation, mental anguish and emotional distress; special and compensatory damages for past, present and future loss of earnings, compensation and job benefits; punitive damages; attorneys' fees; and other and further relief the Court may deem proper. *Id.* at ¶ 2, **Ex. 1**, at p. 7.

22.   Plaintiff was terminated from his employment with Defendant on April 16, 2021. At a $145,000 yearly salary, he would have a claim for over 8 months of damages for past earnings at the time of this removal. His claim for back pay is currently worth over $96,666.67. His claim for past salary alone accordingly puts his claim in controversy above the threshold amount of $75,000. His additional claim for over 8 months in lost job benefits, present and future salary and benefits is more than likely to far exceed the $75,000 threshold.

23.   Plaintiff seeks an additional unspecified amount of damages for humiliation, mental anguish and emotional distress in an amount to be proven at trial. *Id.* at ¶ 2, **Ex. 1**, at p. 7. Emotional distress damages are considered in determining the amount in controversy. *See Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2015). To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases. *Cain v. Hartford Life and Acc. Ins. Co.,* 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Emotional distress damages in employment discrimination cases "may be substantial," and the Ninth Circuit in *Kroske* reasoned that emotional distress damages "would add at least an additional $25,000" to the plaintiff's claim.

*Kroske*, 432 F.3d at 980. Given Plaintiff's complaints of humiliation, mental anguish and emotional distress, Plaintiff is more than likely to seek a substantial sum exceeding $75,000 for his alleged emotional distress.

24. Plaintiff additionally seeks relief for an unspecified amount in attorney's fees. Onyeama Decl. at ¶ 2, **Ex. 1**, at p. 7. Attorneys' fees (future and accrued) are considered in determining whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *see also Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1340 (10th Cir. 1998); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The California Fair Employment and Housing Act (Cal. *Gov. Code* Section 12900 *et seq.* ("FEHA")) provides for attorneys' fees to be awarded to successful plaintiffs. *See* Cal. *Gov. Code* Section 12965(c). Plaintiff's claim for attorneys' fees alone are more than likely to exceed $75,000, especially if this matter goes to trial.

25. Plaintiff further seeks unspecified punitive damages in an amount to be proven at trial. Onyeama Decl. at ¶ 2, **Ex. 1**, at p. 7. By the very nature of punitive damages, awards can be significant, and in some cases, a punitive award itself can establish the amount in controversy. *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) (concluding in a discrimination and wrongful termination case that the purpose of punitive damages is to capture the defendant's attention and to deter others from similar conduct such that the plaintiff's claim for punitive damages could alone exceed the jurisdictional minimum).

26. In requesting further relief as the Court may deem proper, Plaintiff's Complaint demonstrates his request for relief does not stop at the request for damages for emotional distress, lost compensation and job benefits, attorneys fees and punitive damages. In fact, his allegation of having expended approximately $90,000 in finder's fees for creating a sales team that he transferred to Defendant

during his employment strongly suggests an intent to seek recovery for the expenditure. This request for recovery in itself more than satisfies the $75,000 threshold.

27. Pursuant to all the foregoing, Plaintiff has unquestionably placed in controversy an amount exceeding $75,000, exclusive of interest and costs.

## V. REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD

28. A notice of removal is subject to the same general pleading standards of Federal Rules of Civil Procedure Rule 8(a). A short and plain statement setting forth the grounds for removal is sufficient without the need to attach evidence or meet a burden of proof. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 86-89 (2014) (quoting 28 U.S.C. § 1446(a)). This governing principle also extends to a removing party's allegations as to the amount in controversy. *Id.* at 87-89; *Ibarra v. Manheim Invs. Inc.*, 775 F. 3d 1193, 1196-1197 (9th Cir. 2015); *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1334 (E.D. Cal. 2015).

## VI. THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET

29. Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953). This Court (the Central District of California, Eastern Division) embraces the San Bernardino County Superior Court, which is where Plaintiff's Complaint was originally filed and is where the action is currently pending. This Court is accordingly the appropriate court to which to remove this action.

30. As required by 28 U.S.C. section 1446(d), a copy of the Notice of Removal will be attached to a Notice to Adverse Parties and State Court of Defendant's Filing of Notice of Removal, which will be promptly served on Plaintiff and filed with the Clerk of the State Court.

## VII. CONCLUSION

31. Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Illinois. The amount in controversy exceeds $75,000. This Court accordingly has diversity jurisdiction of this matter pursuant to 28 U.S.C. section 1332, 1441, and 1446, and Defendant has properly removed the State Court Action to this Court. Defendant reserves, and does not waive, any objections they may have to jurisdiction, venue, and any and all other defenses or objections to the action.

32. WHEREFORE, Defendant removes this action from the Superior Court of California, County of San Bernardino, to the United States District Court for the Central District of California, Eastern Division.

DATE: January 10, 2022

FISHER & PHILLIPS LLP

By: /s/ Ariella Onyeama
Lonnie D. Giamela
Ariella Onyeama
Attorneys for Defendant
TINKRWORKS, INC.

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On January 10, 2022 I served the foregoing document entitled **DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Victor L. George, Esq.<br>Wayne C. Smith, Esq.<br>**LAW OFFICES OF VICTOR L. GEORGE**<br>20355 Hawthorne Boulevard, First Floor<br>Torrance, California 90503 | *Attorneys for Plaintiff, Gary Surdam*<br><br>Tel: 310-698-0990<br>Fax: 310-698-0995<br>Email: vgeorge@vgeorgelaw.com<br>wsmith@vgeorgelaw.com |

☐ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed January 10, 2022, at Los Angeles, California.

Nora Martinez — By: Nora Martinez
Print Name — Signature