1  Lonnie D. Giamela (SBN 228435)
       E-Mail:  lgiamela@fisherphillips.com
2  Ariella Onyeama (SBN 259839)
       E-Mail:  aonyeama@fisherphillips.com
3  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
4  Los Angeles, California 90071
   Telephone: (213) 330-4500
5  Facsimile: (213) 330-4501

6  Attorneys for Defendant
   TINKRWORKS, INC.

7

8                UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10

11 | GARY SURDAM, an individual,

| CASE NO.:

12 |           Plaintiff,

| [*Removed from San Bernardino Superior Court Case No: CIVSB2128793*]

13 |     v.

| **DECLARATION OF ARIELLA ONYEAMA IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

14 | TINKRWORKS, LLC a business entity, form unknown; and DOES 1 through 100, inclusive,

15 |           Defendants.

| *[Filed concurrently with Notice of Removal; Civil Cover Sheet, Certificate of Interested Parties, Corporate Disclosure Statement, Notices of Related Cases; and Declarations of Ariella Onyeama and Jim Boyle]*

16

17

18 | Complaint Filed: October 7, 2021
Trial Date: Not Set.

19

20

21

22

23

24

25

26

27

28

---

DECLARATION OF ARIELLA ONYEAMA IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

FP 42700591.1

1

## DECLARATION OF ARIELLA ONYEAMA

2

I, Ariella Onyeama, hereby declare and state as follows:

3

1.     I am an attorney with Fisher & Phillips LLP, counsel of record for

4

Defendant TinkRworks, Inc. ("Defendant") in the above-captioned action.  I am

5

admitted to practice before the United States District Court for the Central District

6

of California.  I have personal knowledge of the facts set forth herein and, if called

7

as a witness, I could and would testify competently thereto.

8

2.     On October 7, 2021, Plaintiff Gary Surdam ("Plaintiff") filed a civil

9

action in the San Bernardino County Superior Court entitled *GARY SURDAM v.*

10

*TINKRWORKS, LLC, a business entity, form unknown; and DOES 1 through 100,*

11

*inclusive*, Case No. CIVSB2128793.  A true and correct copy of the Complaint is

12

attached hereto as **Exhibit 1**.

13

3.     On December 9, 2021, Defendant was served a copy of the Summons

14

and Complaint and related papers.

15

4.     On January 7, 2022, Defendant filed its answer in state court.  A true

16

and correct copy of the answer is attached hereto as **Exhibit 2**.

17

5.     Defendant's Notice of Removal is being filed within thirty days of

18

service of the Complaint and related papers on Defendant.

19

6.     The Certificate of the Notice to Adverse Party and State Court of

20

Filing of Notice of Removal will be filed with this Court shortly after the Superior

21

Court filing and service upon the adverse party are accomplished.

22

7.     I declare under penalty of perjury under the laws of the State of

23

California and the United States of America that the foregoing is true and correct.

24

Executed on January 10, 2022 at Los Angeles, California.

25

26

/s/ Ariella Onyeama
ARIELLA ONYEAMA

27

28

2

EXHIBIT 1

1 | Victor L. George, State Bar No. 110504
Wayne C. Smith, State Bar No. 122535
2 | LAW OFFICES OF VICTOR L. GEORGE
20355 Hawthorne Boulevard, First Floor
3 | Torrance, California 90503
Telephone:   (310) 698-0990
4 | Facsimile:   (310) 698-0995
E-mail:       vgeorge@vgeorgelaw.com
5 |             wsmith@vgeorgelaw.com

6 | Attorneys for Plaintiff,
GARY SURDAM

7

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 0 7 2021

BY _Karina Venegas_
KARINA VENEGAS, DEPUTY

8 |                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 |                        **FOR THE COUNTY OF SAN BERNARDINO**

10

11 | GARY SURDAM, an individual,

12

13 |                     Plaintiff,

14 |        v.

15 | TINKRWORKS, LLC, a business entity,
form unknown; and DOES 1 through 100,
16 | inclusive,

17

18 |                     Defendants.

19

20

CASE NO. **CIV SB 2 1 2 8 7 9**

**COMPLAINT FOR DAMAGES**

1. DISCRIMINATION IN VIOLATION
   OF FEHA, *CALIFORNIA
   GOVERNMENT  CODE* §§12900, *et
   seq.* (AGE, GENDER, ETHNICITY):
2. VIOLATION OF PUBLIC
   POLICY.

*SC-2021-07034 $435pd KV*

**DEMAND FOR JURY TRIAL**

21

22

23

24 |        Plaintiff GARY SURDAM hereby complains and alleges against Defendants, and

25 | each of them, as follows:

26 | ///

27 | ///

28 | ///

## GENERAL ALLEGATIONS

1.      Plaintiff is informed and believes and thereon alleges that Defendant TINKRWORKS, LLC (hereinafter "TINKRWORKS") is a business organization, form unknown, and at all times mentioned herein, was and is authorized to do business in the State of California, and is located at 21 W. 2nd Street, 3rd Floor, Hinsdale, IL 60521. Approximately 75% of the leadership of TINKRWORKS is of Indian descent.

2.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint as to their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned Defendants.

3.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants were the agents and employees of each of the remaining Defendants and, in doing the things hereinafter alleged, were each acting within the course and scope of such agency and employment.

4.      The unlawful employment practices complained of herein occurred in the County of San Bernardino, State of California.

5.      Plaintiff GARY SURDAM (hereinafter "Plaintiff" or "SURDAM") has been a resident of the County of San Bernardino, State of California at all relevant times.

6.      Plaintiff SURDAM, of Hispanic origin, was born in January 1958 and is 63 years old.

7.      Plaintiff was hired as an independent consultant on or about October 14, 2020 to create and lead a sales team to sell Defendant's products which include STEAM student kits as well as providing professional development for teachers.  At his own expense and through his own company, Plaintiff hired and developed a team of eighteen (18) sales persons, paying a head hunter $5,000 for each sales person.

8.     On or about April 19, 2021, Plaintiff was hired as the Vice President of Business Development. As part of the hiring process, SURDAM underwent a background check. Over the ensuing several months, the sales team members contracts were transferred from Plaintiff's company to Defendants but Plaintiff was not reimbursed for the approximate $90,000 he paid to headhunters to create the sales team.

9.     In or about May 2021, Plaintiff was questioned about his background check by HR (Gail Forrest) in his employment application in which SURDAM stated that he had a masters degree in education. SURDAM explained that he was currently enrolled in a masters program and had the requisite units for a masters degree and would be receiving his masters in August 2021. Ms. Forrest congratulated SURDAM on his soon to be received masters degree and SURDAM was lead to believe that his explanation was satisfactory. A masters degree was not required for the position.

10.     On July 6, 2021 shortly after the last of the sales team that he had created and expended approximately $90,000 in finders fees, were transferred to Defendant's company, Plaintiff was fired and told that the reason he was being terminated was because he did not pass his background check, even though the issue related to his masters degree had been discussed and approved in May 2021.

11.     Plaintiff, the only Hispanic at the company, age 63, was replaced by a woman of Indian descent, who was forty (40) - twenty-three (23) years younger than Plaintiff.

12.     Following his termination, Plaintiff received his masters degree.

13.     At the time of his termination, Plaintiff was receiving the following compensation and benefits:

    (a)     A salary of $145,000 per year;

    (b)     Full medical (PPO), dental, vision and life insurance, matching 401 (k) plan;

    (c)     Disability insurance; and

    (d)     Paid sick leave.

14.    As a result of Plaintiff's termination, Plaintiff has been denied all of the above-referenced compensation and benefits.

15.    Since his termination by Defendants, Plaintiff has not found comparable employable work.

16.    Plaintiff has filed a Complaint with the Department of Fair Employment and Housing and has obtained a Right-to-Sue Letter.

### FIRST CAUSE OF ACTION

### GOVERNMENT CODE §§12900, et seq. - AGE, GENDER, ETHNICITY DISCRIMINATION

### (By Plaintiff Against Defendants and Does 1-100)

17.    The allegations of paragraphs 1 through 16 are re-alleged and incorporated herein by reference.

18.    At all times mentioned herein, *Government Code* §§ 12940-12965, *et seq.*, were in full force and effect and were binding upon Defendants.  Said sections specifically required Defendants to refrain from discriminating against any employee on the basis of age, gender or ethnicity.

19.    Plaintiff is informed, believes and thereupon alleges that his age, gender and/or ethnicity were substantial motivating factors contributing to Plaintiff's termination by Defendants on or about July 6, 2021.

20.    To the extent that Plaintiff's of age, gender or ethnicity were  substantial motivating factors contributing to Plaintiff's termination by Defendants, said act by Defendants constitutes employment discrimination under the laws of the State of California, of which age, gender or ethnicity are "protected classes."  Such discriminatory acts was a substantial factor in causing damages and injuries to Plaintiff as set forth in previous paragraphs.

21.    The sixty-three (63) year-old Plaintiff was replaced by a female of Indian descent who was forty (40) - twenty-three (23) years younger than Plaintiff.   Defendant's firing of Plaintiff is in clear violation of FEHA.

22.    Plaintiff has exhausted his administrative remedies by filing a complaint with the Department of Fair Employment and Housing and has received a Right-to-Sue Letter.

23.    Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents and employees of each of the remaining Defendants, and were in part acting within the course and scope of their employment.

24.    The conduct set forth hereinabove was extreme and outrageous and an abuse of the authority of Defendants, and each of them.  Said conduct was intended to cause severe emotional distress and was done in conscious disregard of the probability of causing such distress.

25.    As a direct result of the aforesaid acts of Defendants, Plaintiff lost, and will continue to lose, income and benefits, in an amount to be proven at trial.  Plaintiff has become distressed, aggravated, depressed, humiliated, nervous, anxious, and embarrassed.  This wrongful termination is a substantial factor in causing damage and injury to Plaintiff as set forth above.

26.    As a direct result of the aforesaid acts of Defendants, Plaintiff has become mentally upset, distressed, aggravated, depressed, and has suffered, and will continue to suffer, humiliation, anxiety, embarrassment and mental and/or emotional distress.  Thereby, Plaintiff claims general damages for mental distress and aggravation in a sum according to proof at the time of trial.

27.    As a proximate result of Defendants' discriminatory conduct, Plaintiff has and will incur attorneys' fees and costs, which he is entitled to recover under *California Government Code* § 12965(b).

28.    Because the acts taken toward Plaintiff were carried out by managerial employees of Defendants acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount according to proof at the time of trial.

///

///

## SECOND CAUSE OF ACTION

### VIOLATION OF PUBLIC POLICY

### (By Plaintiff Against All Defendants and Does 1-100)

29.     The allegations of paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

30.     The above referenced actions of Defendants constitutes a wrongful termination of Plaintiff in violation of the public policy of the State of California as reflected in its laws and policies. Said laws include, but are not limited to, Article I, Section 8 of the Constitution, as well as *Government Code* §12900, *et seq.* Defendants were obligated to refrain from retaliating and discharging Plaintiff, or any employee, for reasons which violate or circumvent said policies or objectives which underlie *FEHA/Government Code* §12940-12965. Plaintiff's age (63 years), gender (male), ethnicity (Hispanic) cannot (legally) be motivating factors to terminate Plaintiff.

31.     As a direct result of the aforesaid acts of Defendants, Plaintiff lost, and will continue to lose, income and benefits, in an amount to be proven at trial. Plaintiff has become distressed, aggravated, depressed, anxious, and embarrassed. This wrongful termination is a substantial factor in causing these special damages and injuries to Plaintiff as set forth above.

32.     As a direct result of the aforesaid acts of Defendants, Plaintiff has become mentally upset, distressed, aggravated, depressed, and has suffered, and will continue to suffer, humiliation, anxiety, embarrassment, loss of self-confidence/pride and mental and/or emotional distress. Thereby, Plaintiff claims general damages for mental distress and aggravation in a sum according to proof at the time of trial.

33.     Because the acts taken toward Plaintiff were carried out by managerial employees of Defendants acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount according to proof at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GARY SURDAM requests relief against Defendants, and each of them, as follows:

1.  For general damages for humiliation, mental anguish and emotional distress according to proof at the time of trial;

2.  For special and compensatory damages for past, present and future loss of earnings, compensation, job benefits, etc., according to proof at trial;

3.  For punitive damages according to proof at the time of trial;

4.  For Plaintiff's attorneys' fees according to proof at trial; and

5.  For such other and further relief as the Court may deem proper.

Dated: October 5, 2021

LAW OFFICES OF VICTOR L. GEORGE

By: _____
VICTOR L. GEORGE
WAYNE C. SMITH
Attorney for Plaintiff,
GARY SURDAM

1      **<u>DEMAND FOR JURY TRIAL</u>**

2              Plaintiff, GARY SURDAM, hereby demands trial by jury in this action now before

3      the Court.

4

5      Dated: October 5, 2021            LAW OFFICES OF VICTOR L. GEORGE

6

7                                        By: _____
                                              VICTOR L. GEORGE
8                                             WAYNE C. SMITH
                                              Attorneys for Plaintiff
9                                             GARY SURDAM

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

EXHIBIT 2

1  Lonnie D. Giamela (SBN 228435)
       E-Mail:  lgiamela@fisherphillips.com
2  Ariella Onyeama (SBN 259839)
       E-Mail:  aonyeama@fisherphillips.com
3  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
4  Los Angeles, California 90071
   Telephone: (213) 330-4500
5  Facsimile: (213) 330-4501

6  Attorneys for Defendant
   TINKRWORKS, INC.

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       FOR THE COUNTY OF SAN BERNARDINO - CIVIL DIVISION

10

11  GARY SURDAM, an individual,                CASE NO.:  CIVSB2128793
                                               *[Unlimited Jurisdiction]*
12              Plaintiff,
                                               **ANSWER AND AFFIRMATIVE DEFENSES**
13       v.                                     **OF DEFENDANT TINKRWORKS, INC. TO**
                                               **PLAINTIFF'S COMPLAINT**
14  TINKRWORKS, LLC a business entity,
    form unknown; and DOES 1 through 100,       *Assigned for all purposes to the*
15  inclusive,                                  *Honorable John M Tomberlin, Dept.S33*

16              Defendants.

17

18
                                               Complaint Filed: October 7, 2021
19                                             Trial Date:      None Set Yet

20

21

22

23

24

25

26

27

28

Defendant, TINKRWORKS, INC., ("Defendant") responds to Plaintiff's complaint as follows:

<b><u>ANSWER</u></b>

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified complaint.

<b><u>FIRST AFFIRMATIVE DEFENSE</u></b>

1.      Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

<b><u>SECOND AFFIRMATIVE DEFENSE</u></b>

2.      The legal process served upon Defendant was legally insufficient in that the summons and complaint fail to name and identify the correct corporate entity.

<b><u>THIRD AFFIRMATIVE DEFENSE</u></b>

3.      The legal process served upon Defendant was legally insufficient in that Plaintiff failed to serve his complaint upon Defendant within the proscribed statutory time period.

<b><u>FOURTH AFFIRMATIVE DEFENSE</u></b>

4.      Plaintiff is estopped by his conduct from recovering any relief sought in the complaint, or in any purported cause of action alleged therein.

<b><u>FIFTH AFFIRMATIVE DEFENSE</u></b>

5.      By his conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged therein.

<b><u>SIXTH AFFIRMATIVE DEFENSE</u></b>

6.      To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

<b><u>SEVENTH AFFIRMATIVE DEFENSE</u></b>

7.       Plaintiff's claims are barred because Plaintiff's term of employment was terminable at will, with or without cause, pursuant to California Labor Code section 2922.

2<br>ANSWER TO COMPLAINT

**EIGHTH AFFIRMATIVE DEFENSE**

8.      If it is found that Plaintiff had a contractual right not to be terminated except for good cause and that Plaintiff was terminated from employment, Plaintiff was terminated with good cause.

**NINTH AFFIRMATIVE DEFENSE**

9.      Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

**TENTH AFFIRMATIVE DEFENSE**

10.     There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendant of which Plaintiff complains.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     The alleged acts of which Plaintiff complains were based on reasonable factors other than race, color, national origin, ancestry, sex, religion, creed, gender, marital status, age, sexual orientation, or any other prohibited factor.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     Even if there was discrimination against Plaintiff (which Defendant denies), Plaintiff would have been terminated anyway.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     Plaintiff did not exercise ordinary care on his own behalf, and his own acts and omissions proximately caused and/or contributed to the loss, injury, damage, or detriment alleged by Plaintiff, and Plaintiff's recovery from Defendant, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate his damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     Any recovery on Plaintiff's complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified

ANSWER TO COMPLAINT

FP 42670585.1

1   Plaintiff's termination.

2   <u>**SIXTEENTH AFFIRMATIVE DEFENSE**</u>

3   16.   Plaintiff is not entitled to recover punitive or exemplary damages from Defendant

4   on the grounds that any award of punitive or exemplary damages would violate Defendant's

5   constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of

6   the United States Constitution.

7

8   **WHEREFORE**, this answering Defendant prays as follows:

9   1.   That Plaintiff take nothing by his complaint for damages;

10   2.   That Plaintiff's complaint herein be dismissed in its entirety with prejudice;

11   3.   That Defendant recover its costs of suit herein, including its reasonable attorneys'

12   fees; and

13   4.   That the court award such other and further relief as it deems appropriate.

14

15   DATE:  January 7, 2022                    FISHER & PHILLIPS LLP

16

17   By: _____

18   Lonnie D. Giamela
    Ariella Onyeama
19   Attorneys for Defendant
    TINKRWORKS, INC.

20

21

22

23

24

25

26

27

28

4
FP 42670585.1

1

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5)**

2

3        I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

4

5    On January 7, 2022, I served the following document(s) **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TINKRWORKS, INC. TO PLAINTIFF'S COMPLAINT** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in

6    sealed envelope(s) addressed as follows:

7    Victor L. George,                                      Plaintiff, Gary Surdam
     Wayne C. Smith

8    Law Offices of Victor L. George               Email: vgeorge@vgeorgelaw.com
     20355 Hawthorne Boulevard, First Floor              wsmith@vgeorgelaw.com

9    Torrance, California 90503

10   Telephone: 310-698-0990
     Facsimile:  310-698-0995

11

12   ☒        **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection

13            and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the

14            ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

15

16   ☐        **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es)

17            listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

18   ☐        **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to

19            the person(s) at the electronic service address(es) listed above.

20   ☐        **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in

21            an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by

22            messenger – a copy of the Messenger Declaration is attached.

23        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24

25        Executed January 7, 2022, at Los Angeles, California.

26   Nora Martinez                                 By:   /s/ Nora Martinez
     _____                       _____
            Print Name                                          Signature

27

28

_____
                              PROOF OF SERVICE

FP 42670585.1

1

**CERTIFICATE OF SERVICE**

2

     I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California  90071.

3

4

On January 10, 2022 I served the foregoing document entitled **DECLARATION OF ARIELLA ONYEAMA IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

5

6

7

8

Victor L. George, Esq.
Wayne C. Smith, Esq.
**LAW OFFICES OF VICTOR L. GEORGE**
20355 Hawthorne Boulevard, First Floor
Torrance, California 90503

9

10

11

*Attorneys for Plaintiff, Gary Surdam*

Tel:     310-698-0990
Fax:     310-698-0995
Email:  vgeorge@vgeorgelaw.com
         wsmith@vgeorgelaw.com

12

☐   **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

13

14

15

16

☒   **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

17

18

19

20

21

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23

     Executed January 10, 2022, at Los Angeles, California.

24

Nora Martinez
_____
Print Name

By: _____
             Signature

25

26

27

28

1
CERTIFICATE OF SERVICE

FP 42700591.1